# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

PETE DOMINGUEZ                                    CIVIL ACTION

VERSUS                                            NO. 13-5915

TIM DUCOTE, WARDEN                                SECTION "J"(5)

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). For the following reasons, **IT IS RECOMMENDED** that the petition for *habeas corpus* relief be **DISMISSED WITH PREJUDICE**.[1]

## I.     Procedural history

Petitioner, Pete Dominguez, is a state prisoner incarcerated in the Elayn Hunt

---

[1]Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by the exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

Correctional Center, in St. Gabriel, Louisiana. Dominguez was charged by bill of information with operating a vehicle while intoxicated, fourth offense, in violation of Louisiana Revised Statute 14:98.[2] He pleaded not guilty.[3] During pretrial proceedings, petitioner through his counsel waived a jury trial and the matter was scheduled for a bench trial. After a one-day bench trial, he was found guilty. Petitioner filed a motion to arrest judgment, arguing that he did not knowingly and intelligently waive his right to a jury trial.[4] The initial hearing on the motion was stayed while petitioner pursued writ applications to the appellate courts regarding whether or not defense counsel could testify about the discussions he had with petitioner as to the waiver. The appellate courts determined the matter was not protected by the attorney-client privilege.[5] The evidentiary hearing resumed and the trial court denied petitioner's motion. Dominguez was sentenced on March 16, 2011 to twenty years imprisonment.[6]

On direct appeal, Dominguez asserted that the trial court erred in denying his motion

---

[2] State Rec., Vol. 1 of 3, Bill of Information.

[3] *Id*., Minute Entry, Arraignment 12/22/09; see also State Rec. Vol. 3 of 3, Transcript of Arraignment, p. 2.

[4] State Rec., Vol. 1 of 3, Motion to Arrest Judgment, with supporting memorandum, filed June 4, 2010. Thereafter, petitioner moved to discharge his private defense counsel, Damon Stentz. The trial court granted the motion and appointed IDB counsel for petitioner. Ultimately, petitioner was represented by Mark Plaisance.

[5] *State v. Dominguez*, 2010-1868 (La. App. 1st Cir. 12/8/10), 52 So.3d 1117, *writ denied* 2010-2781 (La. 1/28/11), 56 So.3d 956.

[6] State Rec., Vol. 3 of 3, Transcript of sentencing proceedings held March 16, 2011, p. 5.

to arrest judgment because the state failed to prove that he knowingly and intelligently waived

the right to a jury trial. The Louisiana First Circuit Court of Appeal affirmed his conviction and

sentence on December 21, 2011.[7] Petitioner did not seek review of this ruling in the Louisiana

Supreme Court.

On or about April 18, 2012, Dominguez submitted a *pro se* application for

post–conviction relief to the state district court.[8] In his application, he claimed he did not

knowingly and intelligently waive his right to a jury trial.[9] On June 14, 2012, the district court

denied post-conviction relief pursuant to Louisiana Code of Criminal Procedure article

930.4(A).[10] Petitioner was subsequently denied relief on his related writ applications filed in

---

[7] *State v. Dominguez*, 2011-KA-0986 (La. App. 1st Cir. 12/21/11) (unpublished); State Rec., Vol. 3 of 3.

[8] State Rec., Vol. 3 of 3, Uniform Application for Post-Conviction Relief signed April 18, 2012. Federal habeas courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." *Causey v. Cain*, 450 F.3d 601, 607 (5th Cir. 2006). If that date cannot be gleaned from the state court record with respect to the filings in this case, this Court will simply use the signature date of the applications as the filing date, in that the various applications were obviously placed in the mail no earlier than the date they were signed. In those instances where no signature date appears on a document and no other evidence is available, the Court will look to the file-stamp placed on the document by the clerk of court.

[9] *Id.* As evidenced by the state district court's reasons for judgment wherein it denied the claim based on the claim having been fully litigated *on appeal*, the state district court broadly construed petitioner's claim on post-conviction review to assert that he did not knowingly and intelligently waive his right to a jury trial.

[10] State Rec., Vol. 3 of 3, District Court Judgment signed June 14, 2012.

the Louisiana First Circuit and the Louisiana Supreme Court.[11]

On or about September 16, 2013, Dominguez filed his federal application for *habeas corpus* relief.[12] In his petition, Dominguez claims "the state failed to prove he knowingly and intelligently waived his right to be tried by a jury."[13] In subsequent supporting memoranda, he also raises a claim of ineffective assistance of counsel, asserting that counsel improperly advised him to waive his right to a jury trial, failed to challenge the intoxilyzer results and failed to call witnesses on his behalf.[14]

The State concedes the petition is timely and that the jury waiver claim is exhausted. However, the State's brief does not acknowledge the ineffective assistance claim raised by petitioner, a claim the Court notes is unexhausted. Petitioner has never raised this claim in any of the state courts. Nonetheless, the Court will exercise its discretion to consider petitioner's

---

[11] State Rec., Vol. 3 of 3, *State v. Dominguez*, 2012-KW-1278 (La. App. 1st Cir. 9/12/12); *State v. Dominguez*, 2012-KW-2102 (La. App. 1st Cir. 1/28/13) (a copy of this writ ruling does not appear in the state court record, but was obtained from the Louisiana First Circuit Court of Appeal's website); *State ex rel. Dominguez v. State*, 2013-KH-0363 (La. 7/31/13), 118 So.3d 1113.

[12] Rec. Doc. No. 1, Petition. "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." *Roberts v. Cockrell*, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Dominguez signed the petition on September 16, 2013, which is presumed to be the earliest date on which it could have been delivered to prison authorities for mailing.

[13] *Id*. at p. 6.

[14] Rec. Doc. Nos. 9, 10.

unexhausted claim pursuant to 28 U.S.C. § 2254 (b)(2) ("An application for a writ of *habeas corpus* may be denied on the merits notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

## II.     Facts

On direct appeal, the Louisiana First Circuit Court of Appeal summarized the facts as follows:

> On November 20, 2009, Luke Adams, a field agent with the Louisiana Department of Probation and Parole, was at Jordan's Mini Store on East 123rd Street in Lafourche Parish when he observed the defendant drive up in a white Ford Explorer.  Adams immediately recognized the defendant because he previously supervised the defendant in connection with his probation on a forgery conviction.  Because he was aware that the defendant had been arrested for D.W.I. and should not have been driving, Adams decided to stop the defendant.  Once the defendant exited the vehicle, Adams observed that the defendant was uneasy on his feet and his breath smelled of alcoholic beverages. The defendant's speech was also slightly slurred. The defendant eventually admitted that he had consumed between five and six beers.
>
> The defendant was arrested and charged with D.W.I., fourth offense.  Several opened beer cans, an opened, half-empty bottle of Grey Goose vodka, a twenty-four pack of Natural Light Beer and a twenty-four pack of Bud Light were found inside the vehicle defendant was driving.[15]

## III.     Standards of review on the merits

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") comprehensively overhauled federal *habeas corpus* legislation, including 28 U.S.C. § 2254. Amended subsections

---

[15]     *State v. Dominguez*, 11-0986, at *2-3 (La. App. 1st Cir. 12/21/11) (Hughes, J., dissenting) (unpublished); State Rec. Vol. 3 of 3.

2254(d)(1) and (2) contain revised standards of review for pure questions of fact, pure questions of law, and mixed questions of both. The amendments "modified a federal *habeas* court's role in reviewing state prisoner applications in order to prevent federal *habeas* 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

As to pure questions of fact, factual findings are presumed to be correct and a federal court will give deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); *see also* 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of *habeas corpus* by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.").

As to pure questions of law or mixed questions of law and fact, a federal court must defer to the state court's decision on the merits of such a claim unless that decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Courts have held that the "'contrary to' and 'unreasonable application' clauses [of § 2254(d)(1)] have independent meaning." *Bell*, 535 U.S. at 694.

Regarding the "contrary to" clause, the United States Fifth Circuit Court of Appeals has

explained:

> A state court decision is contrary to clearly established precedent if the state court applies a rule that contradicts the governing law set forth in the [United States] Supreme Court's cases. A state-court decision will also be contrary to clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of the [United States] Supreme Court and nevertheless arrives at a result different from [United States] Supreme Court precedent.

*Wooten v. Thaler*, 598 F.3d 215, 218 (5th Cir.) (internal quotation marks, ellipses, brackets, and footnotes omitted), *cert. denied*, 131 S.Ct. 294 (2010).

Regarding the "unreasonable application" clause, the United States Supreme Court has held:

> [A] state-court decision is an unreasonable application of our clearly established precedent if it correctly identifies the governing legal rule but applies that rule unreasonably to the facts of a particular prisoner's case.

*White v. Woodall*, 134 S.Ct. 1697, 1706 (2014). However, the Supreme Court cautioned:

> Section 2254(d)(1) provides a remedy for instances in which a state court unreasonably applies this Court's precedent; it does not require state courts to extend that precedent or license federal courts to treat the failure to do so as error. Thus, if a habeas court must extend a rationale before it can apply to the facts at hand, then by definition the rationale was not clearly established at the time of the state-court decision. AEDPA's carefully constructed framework would be undermined if habeas courts introduced rules not clearly established under the guise of extensions to existing law.

*Id.* (citations and quotations marks omitted). The Supreme Court has also warned that "an unreasonable application is different from an incorrect one." *Bell*, 535 U.S. at 694. A state court's merely incorrect application of Supreme Court precedent simply does not warrant

*habeas* relief. *Puckett v. Epps*, 641 F.3d 657, 663 (5th Cir.2011) ("Importantly, 'unreasonable' is not the same as 'erroneous' or 'incorrect'; an incorrect application of the law by a state court will nonetheless be affirmed if it is not simultaneously unreasonable.").

While the AEDPA standards of review are strict and narrow, they are purposely so. As the United States Supreme Court recently held:

> [E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable. If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is *no possibility* fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a guard against *extreme malfunctions* in the state criminal justice systems, *not a substitute for ordinary error correction through appeal. As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.*

*Harrington v. Richter*, 131 S.Ct. 770, 786–87 (2011) (citations omitted; emphasis added); *see also Renico v. Lett*, 559 U.S. 766, 130 S.Ct. 1855, 1866 (2010) ("AEDPA prevents defendants—and federal courts—from using federal *habeas corpus* review as a vehicle to second-guess the reasonable decisions of state courts.").

## IV.    Analysis - petitioner's claims

(A)    *Waiver of right to jury trial*

Petitioner claims that his constitutional rights were violated because he did not

knowingly and intelligently waive his right to a jury trial. He contends "his counsel of record waived his right to trial by jury against his expressed desire for and his request to trial by jury."[16] He further claims the trial court admitted it failed to adequately advise him of his right to trial by jury and to have a knowing waiver.[17]

The United States Fifth Circuit has set forth the following established federal law regarding waiver of the Sixth Amendment right to trial by jury:

> The Constitution guarantees criminal defendants the right to a trial by jury for serious offenses. U.S. Const. art. III, § 2, cl. 3 ("The Trial of all Crimes, except in Cases of Impeachment, shall be by Jury"); *id*. at amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed.");[18] *Duncan v. Louisiana*, 391 U.S. 145, 158, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968) (holding that a jury trial is not constitutionally required for petty offenses). The Supreme Court has long recognized, however, that defendants have the right to waive a trial by jury. *Patton v. United States*, 281 U.S. 276, 297-99, 50 S.Ct. 253, 74 L.Ed. 854 (1930), *abrogated on other grounds by Williams v. Florida*, 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970).
>
> More generally, the Court has held that the waiver of a constitutional right is not presumed, that the waiver must be knowing and intelligent, and that "courts [must] indulge every reasonable presumption against waiver of fundamental constitutional rights." *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938) (quotation omitted); *see also Schneckloth v. Bustamonte*, 412 U.S.

---

[16] Rec. Doc. No. 1, Petition, p. 6.

[17] *Id*. at p. 8.

[18] The Sixth Amendment applies to the states through the Due Process Clause of the Fourteenth Amendment. *See Gideon v. Wainwright*, 372 U.S. 335, 342-45, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) (footnote in original).

> 218, 241-42, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). In *Brady v. United States*, the Court held that "[w]aivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The question whether waiver is proper "depend[s] on the unique circumstances of each case." *Adams v. United States ex rel. McCann*, 317 U.S. 269, 278, 63 S.Ct. 236, 87 L.Ed. 268 (1942). Additionally, the waiver of a constitutional right cannot be presumed from a silent record. *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

*Scott v. Cain*, 364 F. App'x 850, 853 (5th Cir. Feb. 2, 2010), *cert. denied*, 130 S.Ct. 3519, 177 L.Ed.2d 1103, (June 28, 2010).

As the Fifth Circuit has recognized, the Supreme Court has not held that a defendant must personally waive the right to a jury trial. *Pierre v. Leger*, 495 F. App'x 403, 409, 2012 WL 4842263, at *6 (5th Cir. Oct. 12, 2012), *cert. denied*, 133 S.Ct. 1598, 185 L.Ed.2d 592 (March 18, 2013) (citing *Scott*, 364 F. App'x at 855). A defendant may waive the right through counsel. *Id*. (citing *United States v. Page*, 661 F.2d 1080, 1080-83 (5th Cir. 1981) (upholding waiver of jury trial made by defendant's attorney), *cert denied*, 455 U.S. 1018, 102 S.Ct. 1713, 72 L.Ed.2d 136 (1982)); *see also Gonzalez v. United States*, 553 U.S. 242, 255-58, 128 S.Ct. 1765, 1773-75, 170 L.Ed.2d 616 (2008) (Scalia, J., concurring). The waiver though counsel, however, must be knowing and intelligent. *Id*. (citing *United States v. Mendez*, 102 F.3d 126, 130-31 (5th Cir. 1996) and *Patton v. United States*, 281 U.S. 276, 312 (1930)). Notably, the Supreme Court has not defined any "fact-specific constitutional minima for a valid jury waiver" or "required a set colloquy before a jury waiver can be accepted." *Pierre*, 495 F. App'x at 410 (quoting *Scott v. Cain*, 364 F. App'x at 855). Applying these legal principles in *Pierre*, the Fifth Circuit held the

mere absence of a colloquy between the defendant and trial court regarding the constitutional right to a jury trial did not compel a finding that the waiver was not knowing and intelligent. *Pierre*, 495 F. App'x at 410. The Fifth Circuit concluded that the record supported the state court's decision that petitioner knowingly and intelligently waived her right to a jury trial through her defense counsel despite the absence of any colloquy between the petitioner and trial court. *Id.* at 411.

On *habeas* review, a state court's determination that a petitioner's jury trial waiver was valid is a mixed question of law and fact. *Pierre*, 495 F. App'x at 405; *Pignataro v. Poole*, 381 F. App'x 46, 50 (2d Cir.2010), *cert. denied*, 131 S.Ct. 1006 (2011); *Lott v. Coyle*, 261 F.3d 594, 610 (6th Cir.2001); *United States v. Watts*, 45 F. App'x 323, 2002 WL 1868131, at *2 (5th Cir.2002). Thus, the state court's mixed findings of law and fact are entitled to deference, unless the state court's decision was contrary to or involved an unreasonable application of clearly established Supreme Court precedent. *Pierre*, 495 F. App'x at 405.

The record in this case is not silent. It shows that petitioner waived his right to a jury trial through his counsel of record. The transcript of the pretrial conference held on January 19, 2010 demonstrates that defense counsel, in petitioner's presence and without objection, advised the trial court that petitioner was waiving a jury trial and proceeding with a bench trial.[19] The transcript reflects the following exchange:

---

[19] The transcript and court minutes reflect that Dominguez was present with counsel at this pretrial hearing. State Rec., Vol. 1 of 3, court minutes; Vol. 3 of 3, Transcript of pretrial

THE COURT:

Do you have a motion at this time?

MR. MILLER (STATE):

To set the matter for trial.

THE COURT:

Is there any objection?

MR. STENTZ:

No objection.  I'd like the record to reflect that we are waiving a jury for this trial and it will be a bench trial.

THE COURT:

Okay.  Mr. Stentz, we'll more fully address that on the morning of the trial.

MR. STENTZ:

Okay.

THE COURT:

I'll have to advise him of his rights to a jury trial and we'll see what he does that day.

MR. STENTZ:

hearing held January 19, 2010.

Okay.[20]

A bench trial was held on May 19, 2010. The trial transcript reveals there was no further discussion at this time regarding the earlier waiver. A motion to arrest judgment contesting the validity of the waiver was filed, and a full evidentiary hearing was held. After hearing the testimony of defense counsel and petitioner, the trial court denied petitioner's motion to arrest judgment finding, on the evidence presented, that petitioner knowingly and intelligently waived his right to a jury trial.[21]

The Louisiana First Circuit on direct appeal issued the last reasoned decision on the merits of this claim, in which it determined that Dominguez knowingly and intelligently waived his right to a jury trial.[22] The court of appeal first set out the governing law:

> The right to trial by jury in felony and certain misdemeanor cases is protected by both the federal and state constitutions. U.S. Const. amend. VI; La. Const. art. I, §§ 16, 17; *State v. Muller*, 351 So.2d 143, 145 (La. 1977). Article I, §17 of the Louisiana Constitution requires that any waiver of this right be "knowingly and

---

[20] State Rec., Vol. 3 of 3, Transcript of pretrial hearing held January 19, 2010, p. 2.

[21] State Rec., Vol. 3 of 3, Transcript of hearing on motion to arrest judgment (February 17, 2011), pp. 24-27.

[22] The state district court denied post-conviction relief under La. C.Cr.P. art. 930.4(A). The subsequent rulings by the appellate courts denied relief without stated reasons. Claims denied pursuant to Article 930.4(A), however, do not bar petitioner from seeking federal *habeas* corpus relief. *See Bennett v. Whitley*, 41 F.3d 1581, 1582-83 (5th Cir.1994) (Article 930.4(A) "is not a procedural bar in the traditional sense" and therefore, does not bar federal *habeas corpus* review. The Court simply "look[s]-through" the ruling on collateral review and considers the ruling on direct appeal.).

intelligently" made. Courts must indulge every reasonable presumption against waiver of this fundamental right. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); La. Code Crim. P. art. 780.

Article 780(A) of the Code of Criminal Procedure provides that a defendant charged with an offense other than one punishable by death may knowingly and intelligently waive a trial by jury and elect to be tried by the judge. At the time of arraignment, the trial court is required to inform the defendant of the right to waive trial by jury.

A valid waiver of the right to a jury trial must be established by a contemporaneous record setting forth an apprisal of that right followed by a knowing and intelligent waiver by the accused. Waiver of this right is never presumed. *State v. Brooks*, 2001-1138 (La. App. 1st Cir. 3/28/02), 814 So.2d 72, 76, *writ denied*, 2002-1215 (La. 11/22/02), 829 So.2d 1037. The preferred method of ensuring the right is for the trial judge to advise the defendant personally on the record of his right to a trial by jury and to require that the defendant waive that right personally either in writing or by oral statement in open court on the record. However, a *Boykin*-like colloquy is not required, and it is not essential for the record to contain evidence of such advice by the trial court and a personal waiver by the defendant, provided the defendant's decision to waiver the right to trial by jury was made knowingly and intelligently. *Brooks*, 814 So.2d at 78.

When the record does not clearly indicate a valid waiver of the right to a jury trial, the recent trend has not been to reverse, but rather to remand the case to the trial court for an evidentiary hearing on the issue of whether a valid jury waiver was obtained. *See State v. Goodwin*, 2005-51 (La. App. 5th Cir. 6/28/05), 908 So.2d 56, 59. *See also State v. Nanlal*, 97-0786 (La. 9/26/97), 701 So.2d 963. In *State v. Cappel*, 525 So.2d 335, 337 n. 3 (La. App. 1st Cir.), *writ denied*, 531 So.2d 468 (La. 1988), this Court noted that when the record is insufficient to determine whether the defendant knowingly and intelligently waived his right to a jury trial, the testimony by defendant and defense counsel at an evidentiary hearing would certainly be relevant, if not dispositive of the issue.[23]

---

[23] *State v. Dominguez*, 2011-0986, at * 3-4 (La. App. 1st Cir. 12/21/11). The Court notes that the Louisiana law cited by the Louisiana First Circuit was that in effect at the time. Louisiana Code of Criminal Procedure article 780 and Louisiana Const. Art. 1, § 17 (A) were

The court of appeal then examined the evidence presented at the evidentiary hearing. Former

defense counsel, Stentz, and petitioner both testified at this hearing. The court of appeal

summarized their testimony as follows:

> Mr. Stentz testified that he represented the defendant in the instant case and he
> also previously represented him in other D.W.I. cases. Mr. Stentz further
> testified that he spoke extensively with defendant regarding his right to have a
> jury decide his case. He also advised the defendant that he could waive a jury
> trial and have the judge decide the case. According to Mr. Stentz, he explained
> to the defendant that since he had prior D.W.I. convictions, which the jury would
> be made aware of, he thought the defendant stood a better chance with a judge
> hearing the case as opposed to a jury, so he suggested defendant waive his right
> to a jury trial. The defendant never indicated he did not understand the waiver
> of jury trial. Mr. Stentz further testified that based upon his conversations with
> the defendant regarding the right to a jury trial and waiver of that right, he was
> confident the defendant understood the right and he voluntarily made a
> decision to waive the right and proceed with a bench trial.

> The defendant testified that Mr. Stentz did not discuss the jury trial waiver with
> him in detail. He claimed that although Mr. Stentz mentioned he had a right to
> a jury trial, he did not understand what Mr. Stentz was referring to. He claimed
> he just went along with Mr. Stentz's advice because he was his lawyer.[24]

The court of appeal concluded there was ample record evidence adduced at the evidentiary

hearing on the motion to arrest judgment to support the validity of the waiver. The credible

testimony by defense counsel established Dominguez was informed of his right to a trial by

---

subsequently amended. 2013 La. Acts 343 and 2010 La. Acts 1053, § 1 (effective December 1, 2010).

[24] State Rec., Vol. 3 of 3; *State v. Dominguez*, 2011-0986, at * 3-6 (La. App. 1st Cir. 12/21/11) (unpublished). *See also* State Rec., Vol. 3 of 3,Transcript of Motion to Arrest Judgment hearing (February 17, 2011), pp. 5-7 and 11-13.

jury and decided to waive the right in light of advice given by defense counsel.

The record evidence in this case supports the state court's determination under federal law that petitioner knowingly and intelligently waived his right to be tried by a jury. The record demonstrates that petitioner expressly waived his right to a jury trial through defense counsel. The transcript shows that petitioner was present at the pretrial conference when defense counsel informed the court that petitioner wished to waive the right to a jury trial. Dominguez did not object at this time. Nor did Dominguez or defense counsel at any time after the pretrial hearing, or at any time before or during trial, express any desire for a jury or object to the earlier waiver. At the evidentiary hearing, defense counsel testified he advised petitioner that he had the right to a trial by jury, but recommended that petitioner waive the right to trial by jury and proceed with a bench trial, which he believed would be in petitioner's best interest under the circumstances. Defense counsel testified he was confident petitioner understood his advice regarding the waiver and voluntarily made the decision to waive his right to a jury trial and proceed with a bench trial before the judge. There is no objective evidence of anything that may have prevented petitioner from understanding his rights as explained by defense counsel. Furthermore, defense counsel's testimony is consistent with petitioner's actions and lack of objection in this case. Only after his conviction did petitioner assert any argument or belief that he stood a better chance with a jury trial. There is simply no support in this record for petitioner's conclusory and self-serving claim that defense counsel waived petitioner's right to trial by jury over his expressed desire for and request for

a jury trial. In fact, his own testimony and actions refute his assertion. It was not objectively unreasonable for the state court to conclude that Dominguez understood the choice he faced and validly waived the right to a trial by jury.

Petitioner argues his waiver could not be knowing and intelligent waiver when the trial court did not advise him of the right to a jury trial and the possible consequences of waiving a trial by jury.[25] Petitioner contends the *preferable* practice and the one the trial court should have followed in this case was to engage in a colloquy with petitioner on the record.[26] Nonetheless, while it is no doubt the *better* practice to engage in such a colloquy with petitioner on the record at the time of the waiver, the mere absence of such a colloquy does not compel a finding that his waiver of the right to trial by jury through counsel was not knowing and intelligent.[27] *Pierre*, 495 F. App'x at 410. Dominguez has pointed to no Supreme

---

[25] Rec. Doc. No. 10, p. 4. Petitioner also points to the fact that the trial judge acknowledged the deficiencies in the record subsequent to trial, stating he "failed to adequately advise him of his right to a jury trial and to have a knowing waiver" and noted that a motion to arrest judgment had been filed on petitioner's behalf. *Id.* at 3 (citing State Rec., Vol. 3 of 3, Transcript of hearing held August 18, 2010 setting date for hearing on petitioner's motion to recuse, p. 3).

[26] Rec. Doc. No. 10 at 5-6.

[27] In Louisiana, where the record is insufficient to determine the validity of the waiver, the state courts remand the matter and instruct the trial court to conduct an evidentiary hearing on the issue. *See State v. Nanlal*, 97-786 (La. 9/26/97), 701 So.2d 963; *State v. Onstead*, 03-1413 (La. App. 5th Cir. 5/26/04), 875 So.2d 908. The trial court in the instant case had a similar opportunity to determine the propriety of the waiver at the evidentiary hearing on the petitioner's motion to arrest judgment.

Court decision that requires a set colloquy before his jury waiver may be accepted.

The lack of a colloquy between the trial court and petitioner does not invalidate his voluntary, knowing and intelligent waiver. As the transcript of the evidentiary hearing clearly shows, petitioner and his defense counsel discussed waiving a jury trial in lieu of a bench trial. Defense counsel testified under oath that he gave a full and detailed explanation to petitioner regarding the difference between a jury trial and a bench trial, along with the reasons it would be advisable for petitioner to opt for a bench trial in this case. Petitioner admitted he discussed this with counsel, although he claimed he did not understand what counsel was telling him. Petitioner chose to follow his counsel's advice, waive the jury and proceed with a bench trial. Defense counsel informed the trial court, in petitioner's presence, that he was waiving the jury and proceeding with a bench trial. At no point before or during trial did petitioner voice any objection whatsoever to the waiver or indicate he wished to proceed with a jury trial. Based on this evidence, the state court determined that Dominguez through his counsel knowingly and intelligently waived his right to a jury trial.

Importantly in this case, "[t]he question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable - a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007). Applying this deferential standard of review under the AEDPA, petitioner has not shown that the state court's determination rests on an objectively unreasonable determination of clearly established federal law. Petitioner is not entitled to

*habeas corpus* relief on this claim.

(B)    *Ineffective assistance of counsel*

Petitioner asserts that counsel improperly advised him to waive his right to a jury trial, failed to challenge the intoxilyzer results and failed to call witnesses on his behalf.

The United States Supreme Court has established a two-pronged test for evaluating claims of ineffective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A petitioner seeking relief must demonstrate that counsel's performance was deficient *and* that the deficient performance prejudiced his defense. *Id.* at 697. A petitioner bears the burden of proof on such a claim and "must demonstrate, by a preponderance of the evidence, that his counsel was ineffective." *Jernigan v. Collins*, 980 F.2d 292, 296 (5th Cir.1993); *see also Clark v. Johnson*, 227 F.3d 273, 284 (5th Cir.2000). If a court finds that a petitioner has made an insufficient showing as to either of the two prongs of inquiry, *i.e.* deficient performance or actual prejudice, it may dispose of the ineffective assistance claim without addressing the other prong. *Strickland*, 466 U.S. at 697.

To prevail on the deficiency prong of the *Strickland* test, a petitioner must demonstrate that counsel's conduct fails to meet the constitutional minimum guaranteed by the Sixth Amendment. *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir.2001). "Counsel's performance is deficient if it falls below an objective standard of reasonableness." *Little v. Johnson*, 162 F.3d 855, 860 (5th Cir.1998). Analysis of counsel's performance must take into account the reasonableness of counsel's actions in light of all the circumstances. *See Strickland*, 466 U.S. at 689. "[I]t is necessary to 'judge ... counsel's challenged conduct on the facts of the particular

case, viewed as of the time of counsel's conduct.'" *Lockhart v. Fretwell*, 506 U.S. 364, 371, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993) (quoting *Strickland*, 466 U.S. at 690). A petitioner must overcome a strong presumption that the conduct of his counsel falls within a wide range of reasonable representation. *See Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir.1986); *Mattheson v. King*, 751 F.2d 1432, 1441 (5th Cir.1985).

In order to prove prejudice with respect to trial counsel, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In this context, a reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id*. In making a determination as to whether prejudice occurred, courts must review the record to determine "the relative role that the alleged trial errors played in the total context of [the] trial." *Crockett*, 796 F.2d at 793.

In his first claim, Dominguez contends counsel did not supply him with adequate information to make an informed decision to waive his right to a jury trial and proceed with a bench trial. He argues his attorney never explained to him that he waived his right to a jury trial and the dangers of going to trial by judge and not by jury.[28]

Dominguez cannot show that his trial counsel's performance fell below an objective standard of reasonableness. In fact, the record refutes petitioner's assertions. Petitioner was

---

[28] Rec. Doc. No. 10, p. 8.

present with counsel when he waived the right to a jury trial and the matter was set for a bench trial. Furthermore, at the evidentiary hearing, defense counsel testified that he advised Dominguez that he had the right to a trial by jury and that he could waive that right and have the judge alone decide the case. He advised that Dominguez would be giving up the right to have a number of people decide his verdict if he did so. Petitioner confirmed that he specifically discussed a bench trial with counsel.[29] Based on this information, petitioner had sufficient knowledge that he had a right to a trial by jury and that if he waived that right, the verdict would be left to the judge alone. Furthermore, given the offense charged, a fourth D.W.I., it was not unreasonable for Dominguez's counsel to advise that a judge might be less likely than a jury to be swayed by the knowledge that he had three prior D.W.I. convictions. Therefore, it may be considered "sound trial strategy" for counsel to advise Dominguez against proceeding with a jury trial. *See Strickland*, 466 U.S. at 689. Consequently, Dominguez cannot show that his trial counsel's performance was deficient. *Id*. at 688.

Moreover, Dominguez cannot establish prejudice resulting from counsel's alleged failure to advise him properly regarding the waiver of his right to a jury trial, because he cannot show it is reasonably probable that the result of the proceeding would have been different had the evidence been presented to a jury. The evidence proffered against Dominguez at trial was substantial and convincing. The defense stipulated that petitioner had

---

[29]  State Rec., Vol. 3 of 3, Motion to Arrest Judgment (February 17, 2011), p. 12.

been convicted of the three prior D.W.I. offenses set forth in the bill of information. Though no adequate sobriety test results were obtained, the State introduced strong evidence of petitioner's intoxication through the testimony of two Louisiana Probation and Parole agents, Luke Adams and Ron Tillery, and Lafourche Parish Deputy Jay Watkins. Agent Adams testified that he stopped the vehicle petitioner was driving and observed that petitioner was uneasy on his feet, his speech was slurred and he smelled of alcohol. Petitioner admitted to Adams that he had consumed five to six beers. Agent Adams testified that in his opinion and based on his experience, petitioner's ability to drive was impaired by the consumption of alcohol.[30] Agent Tillery similarly testified that he believed petitioner was impaired on the day in question. He observed petitioner's eyes were glassy and his speech was slurred. He could smell alcohol on his breath. Petitioner had difficulty standing up and he was swaying while standing in place. Petitioner also admitted to him that he had consumed a six-pack of beer.[31] Finally, Deputy Watkins testified he observed petitioner was intoxicated. He could smell the alcohol on his breath and noted he was unsure in his balance and his speech was slurred.[32] Again, petitioner admitted he had consumed alcohol.[33] Given the weight of the evidence, petitioner has not

---

[30] State Rec., Vol. 2 of 3, Trial Transcript, pp. 19-23.

[31] *Id*. at 43-47.

[32] *Id*. at 61- 62.

[33] *Id*. at 65.

shown a reasonably probability that the result of the proceeding would have been different had the evidence been presented to a jury.

Next petitioner argues counsel should have questioned the intoxilyzer test and challenged the officers' ability to determine that the test was not an accurate reading. He contends he could not have been found guilty with an inconclusive test. The intoxilyzer testing was fully explored at trial. The evidence showed that Deputy Watkins administered the test to petitioner, but was unable to obtain an adequate sample. He testified that he believed petitioner was purposely trying not to give a valid sample because he would stop blowing before the machine could register and record a result. Deputy Watkins testified that the official analysis was a .000.[34] As set forth above, however, there was independent evidence apart from the intoxilyzer testing to establish that petitioner was intoxicated and driving under the influence. Thus, even assuming counsel's performance could be deemed deficient as alleged, petitioner has failed to show a reasonable probability that the result of the proceeding would have been different.

Finally, petitioner contends counsel was deficient in failing to call the passengers in the vehicle at the time of his arrest as witnesses on his behalf at trial. This claim lacks merit for the following reasons.

As the United States Fifth Circuit Court of Appeals has explained:

_____

[34] *Id*. at 69.

> Claims that counsel failed to call witnesses are not favored on federal habeas review because the presentation of witnesses is generally a matter of trial strategy and speculation about what witnesses would have said on the stand is too uncertain. For this reason, we require petitioners making claims of ineffective assistance based on counsel's failure to call a witness to demonstrate prejudice by naming the witness, demonstrating that the witness was available to testify and would have done so, setting out the content of the witness's proposed testimony, and showing that the testimony would have been favorable to a particular defense. This requirement applies to both uncalled lay and expert witnesses.

*Woodfox v. Cain*, 609 F.3d 774, 808 (5th Cir.2010) (citations, quotation marks, and brackets omitted); *see also Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir.2009) ("[T]o prevail on an ineffective assistance claim based on counsel's failure to call a witness, the petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense.").

Here, petitioner has produced no affidavits from the uncalled witnesses to demonstrate that they would have testified in a manner beneficial to the defense. He has not identified the witnesses by name or provided the substance of their proposed testimony. Therefore, he clearly has not met his burden with respect to this claim. *See, e.g., United States v. Cockrell*, 720 F.2d 1423, 1427 (5th Cir.1983) (courts view "with great caution claims of ineffective assistance of counsel when the only evidence of a missing witness's testimony is from the defendant"); *Buniff v. Cain*, Civ. Action No. 07–1779, 2011 WL 2669277, at *3 (E.D.La. July 7, 2011); *Anthony v. Cain*, Civ. Action No. 07–3223, 2009 WL 3564827, at *8 (E.D.La. Oct. 29, 2009) ("This Court

may not speculate as to how such witnesses would have testified; rather, a petitioner must come forward with evidence, such as affidavits from the uncalled witnesses, on that issue."); *Combs v. United States*, Nos. 3:08–CV–0032 and 3:03–CR–01 88, 2009 WL 2151844, at * 10 (N.D.Tex. July 10, 2009) ("Unless the movant provides the court with affidavits, or similar matter, from the alleged favorable witnesses suggesting what they would have testified to, claims of ineffective assistance of counsel fail for lack of prejudice."); *Harris v. Director*, TDCJ–CID, No. 6:06cv490, 2009 WL 1421171, at *7 (E.D.Tex. May 20, 2009) ("Failure to produce an affidavit (or similar evidentiary support) from the uncalled witness is fatal to the claim of ineffective assistance.").

Accordingly, for the reasons expressed, petitioner has not established entitlement to *habeas corpus* relief on his claim of ineffective assistance of counsel.

## RECOMMENDATION

**IT IS RECOMMENDED** that petitioner's application for federal *habeas corpus* relief be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United*

*Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir.1996) (*en banc*).[35]

New Orleans, Louisiana, this <u>25th</u> day of _____September_____, 2014.

_____

**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**

---

[35] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.